**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

NICHOLAS ARMAND CLAY,           )
                                )
        Petitioner,             )
                                )
        v.                      )       1:11CR304-1
                                )       1:13CV629
UNITED STATES OF AMERICA,       )
                                )
        Respondent.             )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This Court (per now-Chief United States District Judge William L. Osteen, Jr.) entered judgment against Petitioner imposing, inter alia, a 180-month prison term, following his guilty plea to firearm possession by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Docket Entry 23; see also Docket Entry 29 (Sentencing Transcript); Docket Entry 31 (Plea Transcript).) The Fourth Circuit affirmed. United States v. Clay, 504 F. App'x 253 (4th Cir. 2013). Petitioner thereafter filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion") (Docket Entry 35), along with a brief (Docket Entry 36). The United States responded (Docket Entry 39) and Petitioner replied (Docket Entry 41). The Court should deny relief.

Petitioner's Section 2255 Motion asserts that his counsel provided ineffective assistance by failing to seek certiorari review in the United States Supreme Court based on Florida v.

Jardines, ___ U.S. ___, ___, 133 S. Ct. 1409, 1413-18 (2013) (holding that "using a drug-sniffing dog on a homeowner's porch to investigate the contents of the home is a 'search' within the meaning of the Fourth Amendment"). (See Docket Entry 35, ¶ 12; Docket Entry 36 at 4-8.) That claim lacks merit.

Following his indictment, Petitioner (via counsel) "move[d] to suppress . . . spent shotgun shells found in [his] pockets pursuant to arrest and search; a pistol grip shotgun found on the porch of 5 Quad Oaks Drive, Greensboro; and any statements made by [him] subsequent to arrest." (Docket Entry 10 at 1.) After a hearing, the Court (per now-Chief Judge Osteen) denied that motion (see Docket Entry 15 at 1-2, 6) and made the following factual findings:

1) "officers responded to a 911 call . . . that a black male wearing a tee shirt and jeans was discharging a shotgun at persons in the area of Aunt Mary and Quad Oaks streets" (id. at 2);

2) a responding officer "encountered [Petitioner] and another individual on the porch of 5 Quad Oak Street, a house located close to the corner of Aunt Mary and Quad Oak" (id.);

3) "[b]oth individuals walked off the porch and approached [the officer] before he got out of his car" (id.);

4) the officer thereafter "drove around the corner to Kildaire Street . . . [where he] spoke with several children who told him that 'Nick' had been shooting the gun" (id.);

5) "[t]he children identified 'Nick' as [Petitioner]" (id.);

2

6) "[w]hile on Kildaire Street, [the officer] placed [Petitioner] under arrest for a violation of [North Carolina law prohibiting disruptive public intoxication]" (id.);

7) that officer and a second officer then "drove back to 5 Quad Oak . . . [where,] [b]efore stepping on the property, [the second officer] saw the pistol grip of a firearm on the front porch" (id. at 2-3);

8) the officers subsequently "walked up to the front porch, seized the shotgun, and knocked on the front door . . . [but] [n]o one answered" (id. at 3); and

9) the second officer "also saw an empty shotgun casing on top of some magazines in a hamper beside the shotgun . . . [and] seized the shotgun casing" (id.).

Based on those facts, the Court concluded that the officers lawfully made a "warrantless seizure of the firearm and the shell casing under the plain view doctrine." (Id.) More specifically, the Court ruled that: 1) the officers lawfully walked up onto the porch and knocked on the front door (id. at 3-4 (quoting United States v. Taylor, 90 F.3d 903, 909 (4th Cir. 1996))); 2) exigent circumstances justified the warrantless seizure of said items when observed in plain view on the porch by officers lawfully standing there (id. at 4-5 (quoting United States v. Legg, 18 F.3d 240, 244 (4th Cir. 1994), and United States v. Reed, 935 F.2d 641, 643 (4th Cir. 1991))); and 3) "the shotgun and the spent shell were readily

3

recognizable as incriminating evidence at least as to some form of assault" (id. at 5). The Fourth Circuit affirmed as follows: "[T]he district court did not err in . . . denying the suppression motion." Clay, 504 F. App'x at 253.

Petitioner notes that the Fourth Circuit's foregoing decision "was issued on January 15, 2013 . . ., [Jardines] was published on March 26, 2013[, and Petitioner] had ninety (90) days from the January 15 date . . . to file [a] Petition for Certiorari to the United States Supreme Court . . . [i.e., until] April 15 – twenty (20) days after the March 26 date of publication of [Jardines]." (Docket Entry 36 at 4.) Petitioner contends that Jardines directly contradicts the Fourth Circuit's affirmance of this Court's suppression ruling, such that, "had [his] counsel petitioned the Supreme Court . . ., [it] would have . . . vacated and remanded [Petitioner's] case" (id. at 5), and such that his counsel "provided constitutionally ineffective assistance by failing to be aware of relevant, on-point and dispositive case law, such as the Jardines case" (id. at 7 (emphasis added)).

As the United States observed in its response, Jardines does not undermine this Court's suppression ruling in this case because (consistent therewith), in Jardines:

> The Supreme Court recognized that "a police officer not armed with a warrant may approach a home and knock, precisely because that is 'no more than any private citizen might do.'" The problem in Jardines was that the officers took a drug-sniffing dog onto the defendant's

4

> front porch, and "introducing a trained police dog to explore the area around the home in hopes of discovering incriminating evidence is something else." . . . [The officers here] did not use a police dog and merely seized the shotgun and one shell that were on [Petitioner's] front porch in plain view.

(Docket Entry 39 at 5 (internal citations omitted) (quoting Jardines, ___ U.S. at ___, 133 S. Ct. at 1416, quoting Kentucky v. King, ___ U.S. ___, ___, 131 S. Ct. 1849, 1862 (2011)).)

In any event, Petitioner's Section 2255 Motion fails as a matter of law for a more fundamental reason: "The Supreme Court held in Ross v. Moffitt, 417 U.S. 600, 617 (1974), that a criminal defendant has no constitutional right to counsel to pursue a petition for a writ of certiorari. And where there is no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel." Wyatt v. United States, 574 F.3d 455, 459 (7th Cir. 2009) (internal parallel citations omitted); accord Richards v. United States, 406 F. App'x 447, 447 (11th Cir. 2010); Nichols v. United States, 563 F.3d 240, 248-50 (6th Cir. 2009); Steele v. United States, 518 F.3d 986, 988 (8th Cir. 2008); Derman v. United States, 298 F.3d 34, 45 n.7 (1st Cir. 2002); United States v. Thomas, 33 F. App'x 446, 448 (10th Cir. 2002); see also Austin v. United States, 513 U.S. 5, 8 (1994) ("[T]hough indigent defendants pursuing appeals as of right have a constitutional right to a brief filed on their behalf by an attorney, that right does not extend to forums for discretionary

5

review." (internal citation omitted)); United States v. MacDonald, 966 F.2d 854, 859 n.9 (4th Cir. 1992) ("[W]here no Sixth Amendment right to counsel attaches to the proceeding, an ineffective assistance claim cannot be sustained.").

As quoted above, Petitioner has presented a claim only for "constitutionally ineffective assistance" (Docket Entry 36 at 7 (emphasis added)); he has not asserted that his counsel failed to comply with the Fourth Circuit's administrative plan implementing the Criminal Justice Act of 1964 ("CJA Plan")[1] (see Docket Entry 35, ¶ 12; Docket Entry 36; Docket Entry 41). Nor could Petitioner ask the Court to employ liberal construction principles to deem his Section 2255 Motion to raise any such claim because, although Petitioner nominally proceeds pro se, his filings expressly concede that they were "prepared with the assistance of an attorney" (Docket Entry 36 at 9 n.1; Docket Entry 41 at 8 n.1; see also Docket Entry 41-1 at 1 (displaying return address for "David Jay Bernstein, PA, A Private Law Firm, FEDERAL LEGAL CENTER, 4660 N. University Drive, Lauderhill, FL 33351," on envelope used to submit

---

[1] That CJA Plan "requires that counsel inform a defendant of the right to file a petition for certiorari and that counsel file the petition if the defendant requests it in writing and if counsel feels there are grounds for seeking Supreme Court review." Foote v. United States, Nos. 1:11CV42, 1:06CR177-1, 2013 WL 5355543, at *3 (M.D.N.C. Sept. 24, 2013) (unpublished), recommendation adopted, 2013 WL 5962983 (M.D.N.C. Nov. 7, 2013) (unpublished).

Reply)).² Finally, even if the Court construed Petitioner's

---

² David Jay Bernstein belongs to the Florida Bar, but not the North Carolina Bar. See http://www.myfederallegalcenter.com/about-us.html (identifying "David Jay Bernstein" as attorney operating "Federal Legal Center – A Law Firm," listing his bar memberships, and giving address of "4660 N. University Drive, Lauderhill, FL 33351") (last visited Mar. 2, 2015); see also http://www.ncbar.gov/gxweb/mem_search.aspx (showing no entry for "David Jay Bernstein" in North Carolina Bar directory) (last visited Mar. 2, 2015); Conditional Guilty Plea for Consent Judgment, Florida Bar v. Bernstein, File Nos. 2012-50,489(17G), 2013-50,351(17G), 2014-90,015(02S) (Fla. Dec. 5, 2014) (describing "David Jay Bernstein" as Florida Bar member and providing, inter alia, for public reprimand for numerous rule violations, including regarding use of business name "Federal Legal Center"), approved, Case No. SC14-966, 2015 WL 728189 (Fla. Feb. 5, 2015). Florida Bar Rules apparently provide that, without making an appearance in a case, "an attorney [may] assist[] 'by drafting' a pro se document to be submitted to the court, [but require that] the attorney must identify the document as 'prepared with the assistance of counsel.'" In re Hood, 727 F.3d 1360, 1364 (11th Cir. 2013) (internal brackets omitted) (quoting R. Regulating Fla. Bar 4-1.2(c) cmt.). However, even if Mr. Bernstein did not violate Florida Bar Rules by ghostwriting in this Court, other prohibitions on such conduct exist. In that regard, although the North Carolina Bar allows "[a]n attorney licensed in North Carolina [to] draft pleadings on behalf of a *pro se* party in a state court proceeding without making an appearance as counsel of record," Burgess v. Vitola, No. 07CVS4679, 2008 WL 821539, ¶ 33 (N.C. Super. Ct. Mar. 26, 2008) (Diaz, J.) (citing N.C. St. Bar, RPC 114 (July 12, 1991)), "[n]o such privilege . . . is afforded an out-of-state attorney unless he complies with the requirements of [North Carolina law] governing the *pro hac vice* admission of foreign attorneys," id., ¶ 34; see also M.D.N.C. LR83.1(b)-(d) (allowing only members of the North Carolina Bar to serve as sole counsel for litigants other than the United States). Moreover, "[r]egardless of whether [Mr. Bernstein] drafted [Petitioner's] filings outright or merely assisted in their preparation, such action falls within the broad purview of the practice of law as defined by North Carolina law." Burgess, 2008 WL 821539, ¶ 40; see also id., ¶ 32 ("The practice of law in North Carolina is defined broadly to include performing any legal service for any other person with or without compensation. Among other things, the statute prohibits the preparation and filing of petitions for use in any court . . . by an attorney not licensed in

(continued...)

7

Section 2255 Motion to present a claim based on the CJA Plan, the Court should deny relief because, as "other courts in this Circuit have held [, such] challenges involving the CJA [P]lan's provisions regarding petitions for certiorari should be pursued via a motion in the Court of Appeals to recall the mandate, rather than under § 2255," Foote v. United States, Nos. 1:11CV42, 1:06CR177-1, 2013 WL 5355543, at *3 n.2 (M.D.N.C. Sept. 24, 2013) (unpublished) (citing cases), recommendation adopted, 2013 WL 5962983 (M.D.N.C. Nov. 7, 2013) (unpublished).

---

[2](...continued)
this State." (internal citations, ellipses, and quotation marks omitted)). "In North Carolina, engaging in the unauthorized practice of law is a Class 1 misdemeanor." Id., ¶ 26. Additionally, apart from any unauthorized practice of law issues, a member of "[t]his [C]ourt [has] condemn[ed] the ghostwriting of pleadings for parties purporting to appear pro se," Bittle v. Electrical Ry. Improvement Co., 576 F. Supp. 2d 744, 755 n.9 (M.D.N.C. 2008) (Schroeder, J.), because, inter alia, such action "'effectively nullifies the certification requirement of Rule 11 of the Federal Rules of Civil Procedure,'" id. (quoting Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr., 968 F. Supp. 1075, 1078 (E.D. Va. 1997)). Other federal courts take the same view. See, e.g., Duran v. Carris, 238 F.3d 1268, 1271-72 (10th Cir. 2001) ("[P]roviding substantial legal assistance to [a party] without entering an appearance . . . inappropriately shields [a lawyer] from responsibility and accountability for his actions . . . . Competence requires that a lawyer conduct a reasonable inquiry and determine that a filed pleading is not presented for an improper purpose, the positions taken are nonfrivolous, and the facts presented are well grounded. Fed. R. Civ. P. 11(b). Ethics requires that a lawyer acknowledge the giving of his advice by the signing of his name. . . ."). Under these circumstances, the Court should warn Mr. Bernstein not to engage in ghostwriting in this Court, see id. at 1273, and should forward this Recommendation to bar officials so that they may address any unauthorized practice of law issues if they so choose, see Burgess, 2008 WL 821539, ¶ 60.

In sum, Petitioner has failed to show entitlement to relief under Section 2255.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 35) be denied, without issuance of a certificate of appealability.

**IT IS FURTHER RECOMMENDED** that the Court forward this Recommendation to David Jay Bernstein, along with a warning not to engage in ghostwriting in this Court.

**IT IS FURTHER RECOMMENDED** that the Court forward this Recommendation to the State Bars of Florida and North Carolina.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 3, 2015