FILED
MAR 19 2015
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, NC
By [signature]

In the United States District Court for the
Northern District of North Carolina

Nicholas Armand Clay
Petitioner
vs.
The United States of America
Respondent

Case No. 1:11 CR 304-1
and 1:13 CV 629

PETITIONERS OBJECTION TO
THE MAGISTRATES REPORT
AND RECOMMENDATION

Comes now, the petitioner (Nicholas Armand Clay) prose and files this objection of the magistrates report and recommendation and alleges:

TAINTED EVIDENCE BECAME A PRODUCT
OF THE CRIMINAL PROCEEDINGS IN U.S.
VS. NICHOLAS ARMAND CLAY DUE TO
ILLEGAL SEARCH AND SEIZURE (ISSUE 1):

Petitioner respectfully objects to the recommendation and report because petitioner asserts tainted evidence became a product of the criminal proceedings. Petitioner asserts Florida vs. Jardines does apply to U.S. vs. Nicholas Armand Clay 1:11-CV-00304-WO-1 (and several other 4th amendment principles which follow) because:

The Supreme Court in Jardines, in a situation with very similar circumstances, did not agree. "We therefore regard the area immediately surrounding and associated with the home--what our cases call the curtilage as part of the home itself for the Fourth Amendment purposes." Jardines, at 1414. "While the boundaries of the curtilage are generally "clearly marked," the conception defining the curtilage is at any rate familiar enough that it is easily understood from our daily experience... Here there is no doubt that officers entered it: The front porch is a classic example of an area adjacent to the home and to which the activity of home life extends... one virture of the Fourth Amendments property rights base lines is that it keeps easy cases easy that officers learned what they learned only by physically intruding on Jardines (and petitioner Clays') property to gather evidence is enough to establish that a search occured." Jardines at 1417.


Case 1:11-cr-00304-WO Document 44 Filed 03/19/15 Page 2 of 6

On June 15, 2011 in Greensboro, N.C.; police officers arrived on scene to recieving a report of a man discharging a shotgun. Shortly there after petitioner was arrested by officer Menshew on Kildare Drive for being intoxicated and displaying disruptive behavior. See N.C.C.S. § 14-444(A)(4). After, the petitioners arrest (on another street; Kildare Dr.) officers Menshew and Faust went to the resident at 5 Quad Oak Drive where they determined Clay lived. The record makes it clear that officers had observed no firearms, or activity prior to their illegal entry onto the front porch. See Arizona vs. Gant 129 S. CT 1710 (2009) See U.S. vs. Kinton, 594 F. 3d 14, 25, 389 U.S. APP. D.C. 199 (D.C. Cir 2010).

Once police secured petitioner, see U.S. vs. Mallory, 2014 BL 224512 3rd Cir. No. 13-2025 9-3-14. Petitioner asserts he was to be arrested on being intoxicated and displaying disruptive behavior. See North Carolina Law N.C.G.S. § 14-444(A)(4).

Petitioner asserts he was arrested on:
A) Being intoxicated
b) Disruptive behavior; at time of petitioners arrest, there was no legitimate purpose for officers to search residence, without a search warrant. See U.S. vs. WILSON 605 F. 3d 985 1027, 390 U.S. U.S. APP. D.C. 368 (D.C. Cir. 2010)

Petitioner asserts retaining Atty. David J. Bernstein, petitioner was unaware that his attorney would be restricted to draft a pleading on petitioner's behalf.

Courts will discharge their duty to protect constitutional rights. See 28 U.S.C. $2072

Petitioner was deprived of ineffective assistance of counsel. See Strickland vs. Washington 466 U.S. 668 (1984). Counsel provided defective assistance failing to be aware of relevant law. See Florida vs. Jardines (2013). See U.S. v. Fields 565 F.3d 290, 294 (5th Cir. 2009). Under Strickland v. Washington, 466 U.S. 688, 80 LED 674, 104 S CT 2052 (1984)

There is a two part test of ineffective assistance:

(A) Deficient Performance
Counsel was deficient in performance not pursuing a writ of certiorari (as a "officer of the court") regarding Florida v. Jardines (2013)

(b) Prejudice
Counsel performance prejudiced the defense not to have this 4th Amendment violation recognized as Fruit of a poisonous tree evidence. See Fruit of a poisonous tree doctrine. Had counsel presented this amendment issue suppression would have been greatly covered.

Petitioner (Clay) requests this honorable court recognizes the magistrates recommendation is contrary to the 6th Amendment. Requests to vacate his sentence due to this deprivation. See 28 U.S.C. § 2072 (b).

Plea for Liberal Construction

Petititioner requests to construe this pleading in accordance with the Supreme Courts ruling in Haines vs. Kerner. See Haines vs. Kerner, 404 U.S. 519, 30 LED 2d 652, 92 S.CT 594 (1972).

Petitioner requests suppression of all seized evidence obtained after he was arrested.

Done this 15th day of March 2015.

Respectfully submitted

Nicholas Armand Clay 28080-057
P.O. Box 3000
Pine Knot, KY 42635

Certificate of Service

I here certify that on this date: 3-16-2015, I placed this objection to the magistrate Judges recommendation in the prison mail.
Copies were mailed to:
U.S. Magistrate Judge L. Patrick Auld &
U.S. District Judges Chambers through the Office of the Clerk U.S. District Court P.O. Box 2708, Greensboro, NC 27402